## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **ELENA TREBAOL LINDEKUGEL, on behalf of herself and all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 1:24-cv-05642-AT** |
| **v.** | ) ) | |
| **STRAFFORD PUBLICATIONS, LLC and BARBRI, INC.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO
## PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants Barbri, Inc. and Strafford Publications, LLC submit the following Answer and Defenses to Plaintiff's Class Action Complaint, ECF No. 1 (the "Complaint").

## ANSWER

### *Response to "Nature of the Case"*

1.     Defendants admit that Plaintiff brings this action for alleged violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Defendants deny the remaining allegations of paragraph 1.

2.     Denied.

3.     Denied.

4.      The statements in paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, denied.

5.      The statements in paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, denied.

6.      The statements in paragraph 6 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

7.      The statements in paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff has filed a purported class action against Defendants. Defendants deny the remaining allegations of paragraph 7.

### *Response to "Parties"*

**I.      Response to "Plaintiff Elena Trebaol Lindekugel"**

8.      Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 8.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 9.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 10.

11.    Defendants admit that Plaintiff has purchased access to a video on-demand CLE course within the past two years. Defendants deny the remaining allegations in paragraph 11.

12.    Admitted.

13.    The statements in paragraph 13 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

14.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 14.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15.

16.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 16.

17.    Denied.

18.    The statements in paragraph 18 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

19.    The statements in paragraph 19 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

II.    **Response to "Strafford Publications, LLC"**

20.    Admitted.

21.    Admitted.

22.    Denied.

23.    Admitted.

24.    Defendants admit that Strafford conducts business, has employees, and offers products to consumers in this district. Defendants deny the remaining allegations in Paragraph 24. Admitted.

25.    Defendants admit that Strafford operates www.straffordpub.com (the "Website"), which, in part, offers prerecorded videos containing continuing legal education ("CLE") and continuing professional education ("CPE") content. Defendants deny the remaining allegations in paragraph 25.

III.    **Response to "Defendant Barbri, Inc."**

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Admitted.

30.    Defendants admit that Strafford operates the Website, which, in part, offers prerecorded videos containing CLE and CPE content. Defendants deny the remaining allegations in paragraph 30.

### *Response to "Jurisdiction and Venue"*

31.    The statements in paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has federal question jurisdiction.

32.    The statements in paragraph 32 contain arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants admit they conduct business in Georgia. Defendants deny the remaining allegations in paragraph 32.

33.    The statements in paragraph 33 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 33.

34.    The statements in paragraph 34 contain arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Website, which speaks for itself, includes the quoted content in paragraph 34 at https://www.straffordpub.com/terms-of-use. Defendants deny the remaining allegations in paragraph 34.

### *Response to "Video Privacy Protection Act"*

35.    The statements in paragraph 35 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

36.    The statements in paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, denied.

37.    The statements in paragraph 37 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the S. Rep. No. 100-599 (1988) contains the quoted language. Defendants deny the remaining allegations in paragraph 37.

38.    The statements in paragraph 38 contain arguments to which no response is required. To the extent a response is required, Defendants admit that 134 Cong. Rec. S5399 (May 10, 1988) contains the quoted language. Defendants deny the remaining allegations of paragraph 38.

39.    The statements in paragraph 39 contain arguments to which no response is required. To the extent a response is required, Defendants admit that "The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century" contains the quoted language. Defendants deny the remaining allegation in paragraph 39.

40.    The statements in paragraph 40 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the website cited in footnote 3, which speaks for itself, contains the quoted language from paragraph 40. Defendants deny the remaining allegations in paragraph 40.

41.    The statements in paragraph 41 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

### *Response to "Background Facts"*

## I.    Response to "Consumers' Personal Information Has Real Market Value"

42.    Defendants admit that the transcript cited by Plaintiff in footnote 3, which speaks for itself, includes the quoted content in paragraph 42. Defendants deny the remaining allegations in paragraph 42.

43.    The statements in paragraph 43 contain arguments to which no response is required. To the extent a response is required, denied.

44.    The statements in paragraph 44 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the website cited by Plaintiff in footnote 5, which speaks for itself, includes the quoted content in paragraph 44. Defendants deny the remaining allegations in paragraph 44.

45.    The statements in paragraph 45 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the website cited by Plaintiff in footnote 6, which speaks for itself, includes the quoted content in paragraph 45. Defendants deny the remaining allegations in paragraph 45.

46.    The statements in paragraph 46 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the website

cited by Plaintiff in footnote 7, which speaks for itself, includes the quoted content in paragraph 46. Defendants deny the remaining allegations in paragraph 46.

47.    The statements in paragraph 47 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the letter cited by Plaintiff in footnote 8, which speaks itself, includes the quoted content in paragraph 47. Defendants deny the remaining allegations in paragraph 47.

48.    The statements in paragraph 48 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the website cited by Plaintiff in footnote 9 contains the quoted content in paragraph 48. Defendants deny the remaining allegations in paragraph 48.

49.    The statements in paragraph 49 contain arguments to which no response is required. To the extent a response is required, Defendants admit that the website cited by Plaintiff in footnote 10 contains the quoted content in paragraph 49. Defendants deny the remaining allegations in paragraph 49.

50.    The statements in paragraph 50 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

II.    **Response to "Consumers Place Monetary Value on Their Privacy and Consider Privacy Practices When Making Purchases"**

51.     The statements in paragraph 51 contain arguments to which no response is required. To the extent a response is required, denied.

52.     Defendants admit that the websites cited by Plaintiff in footnotes 11 and 12, which speak for themselves, contain surveys. Defendants deny the remaining allegations in paragraph 52.

53.     The statements in paragraph 53 contain arguments to which no response is required. To the extent a response is required, denied.

54.     The statements in paragraph 54 contain arguments to which no response is required. To the extent a response is required, denied.

55.     The statements in paragraph 55 contain arguments to which no response is required. To the extent a response is required, denied.

### III.     Response to "Defendants Are Video Tape Service Providers"

56.     Defendants admit that prerecorded video materials are sold on the Website. Defendants deny the remaining allegations in paragraph 56.

57.     Defendants admit that prerecorded CLE and CPE course materials are sold on the Website. Defendants deny the remaining allegations in paragraph 57.

58.     Defendants admit that on-demand videos are offered on the Website. Defendants deny the remaining allegations in paragraph 58.

59.     Defendants          admit          that          the          URL
https://www.straffordpub.com/products/survey-of-u-s-state-privacy-laws-common-

themes-key-differences-compliance-strategies-risk-mitigation-2024-09-18, cited by

Plaintiff in paragraph 59, contains the title of the video "Survey of U.S. State Privacy

Laws: Common Themes, Key Differences, Compliance Strategies, Risk

Mitigation." Defendants deny the remaining allegations in paragraph 59.

60.    Denied.

61.    The statements in paragraph 61 contain arguments and legal

conclusions to which no response is required. To the extent a response is required,

denied.

**IV.    Response to "Defendants Use the Meta Pixel on the Website to Systematically Disclose Their Customers' Privacy Video Information to Meta"**

62.    Defendants lack knowledge or information sufficient to form a belief

about the truth or falsity of the allegations set forth in paragraph 62.

63.    Defendants lack knowledge or information sufficient to form a belief

about the truth or falsity of the allegations set forth in paragraph 63.

64.    Defendants lack knowledge or information sufficient to form a belief

about the truth or falsity of the allegations set forth in paragraph 64.

65.    Defendants lack knowledge or information sufficient to form a belief

about the truth or falsity of the allegations set forth in paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief

about the truth or falsity of the allegations set forth in paragraph 66.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in paragraph 67.

68.     The statements in paragraph 68 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

### A.     Response to "The Meta Pixel"

69.     The statements in paragraph 69 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

70.     The statements in paragraph 70 contains arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in paragraph 71.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in paragraph 72.

73.     The statements in paragraph 73 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

74.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in paragraph 74.

75.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in paragraph 75. The statements in paragraph 75 also contain arguments to which no response is required. To the extent a response is required, denied.

76.    Defendants admit that the website cited by Plaintiff in footnote 17, which speaks for itself, includes the quoted content in paragraph 76. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 76.

77.    Defendants admit that the website cited by Plaintiff in footnote 19, which speaks for itself, includes the quoted content in paragraph 77. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 77.

78.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 78.

79.    Defendants admit that the website cited by Plaintiff in footnote 19, which speaks for itself, contains the quoted content in paragraph 79. Defendants deny the remaining allegations in paragraph 79.

80.    Defendants admit that the website cited by Plaintiff in footnote 21, which speaks for itself, contains the quoted content in paragraph 80. Defendants deny the remaining allegations in paragraph 80.

81.    Defendants admit that the website cited by Plaintiff in footnote 22, which speaks for itself, contains the quoted content in paragraph 81. Defendants deny the remaining allegations in paragraph 81.

82.    Defendants admit that the website cited by Plaintiff in footnote 23, which speaks for itself, contains the quoted content in paragraph 82. Defendants deny the remaining allegations in paragraph 82.

83.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 83.

84.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 84.

85.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 85.

86.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 86.

87.    Admitted.

88.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 88.

89.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 89.

90.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 90.

91.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 91.

92.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 92.

93.    The statements in paragraph 93 contain legal conclusions to which no response is required. To the extent a response is required, denied.

94.    Denied.

95.    Denied.

96.    Defendants state that the Website cited by Plaintiff in footnote 28, speaks for itself. Defendants deny the remaining allegations in paragraph 96.

97.    Denied.

98.    Defendants admit that clicking the "BUY CLE ON-DEMAND" button on the URL, https://www.straffordpub.com/products/survey-of-u-s-state-privacy-laws-common-themes-key-differences-compliance-strategies-risk-mitigation-2024-09-18, cited by Plaintiff in footnote 28 brings a user to a new page. Defendants deny the remaining allegations in paragraph 98.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    The statements in paragraph 103 contain legal conclusions to which no response is required. To the extent a response is required, denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    The statements in paragraph 107 contain arguments to which no response is required. To the extent a response is required, denied.

108.    The statements in paragraph 108 contain legal conclusions to which no response is required. To the extent a response is required, denied.

109.    The statements in paragraph 109 contain legal conclusions to which no response is required. To the extent a response is required, denied.

110.    The statements in paragraph 110 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 111.

112.   The statements in paragraph 112 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

113.   Denied.

114.   The statements in paragraph 114 contain arguments to which no response is required. To the extent a response is required, denied.

115.   The statements in paragraph 115 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

116.   Denied.

117.   The statements in paragraph 117 contain legal conclusions to which no response is required. To the extent a response is required, denied.

118.   The statements in paragraph 118 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

119.   The statements in paragraph 119 contain legal conclusions to which no response is required. To the extent a response is required, denied.

120.   The statements in paragraph 110 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

### *Response to "Class Action Allegations"*

121.   The statements in paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, denied.

122.   The statements in paragraph 122 contain legal conclusions to which no response is required. To the extent a response is required, denied.

123.   The statements in paragraph 123 contain legal conclusions to which no response is required. To the extent a response is required, denied.

124.   The statements in paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, denied.

125.   The statements in paragraph 125 contain legal conclusions to which no response is required. To the extent a response is required, denied.

126.   The statements in paragraph 126 contain legal conclusions to which no response is required. To the extent a response is required, denied.

### *Response to Cause of Action*
### *Alleged Violations of the Video Privacy Protection Act, 18 U.S.C. § 2710*

127.   The statements in paragraph 127 do not require a response. To the extent a response is required, Defendants incorporate by reference their responses to the numbered paragraphs 1-126 of this Answer.

128.   The statements in paragraph 128 contain legal conclusions to which no response is required. To the extent a response is required, denied.

129.    The statements in paragraph 129 contain legal conclusions to which no response is required. To the extent a response is required, denied.

130.    The statements in paragraph 130 contain legal conclusions to which no response is required. To the extent a response is required, denied.

131.    The statements in paragraph 131 contain legal conclusions to which no response is required. To the extent a response is required, denied.

132.    The statements in paragraph 132 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

133.    The statements in paragraph 133 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

134.    The statements in paragraph 134 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

135.     The statements in paragraph 135 contain arguments and legal conclusions to which no response is required. To the extent a response is required, denied.

136.     The statements in paragraph 136 contain legal conclusions to which no response is required. To the extent a response is required, denied.

### *Response to "Prayer for Relief"*

Denied, including all subparts.

## ADDITIONAL DEFENSES

Without assuming, altering, or conceding the burden of proof or persuasion where it otherwise rests with Plaintiff, Defendants plead the following separate and additional defenses. None of Defendants' defenses are intended to admit or concede any element of Plaintiff's claims. By pleading these defenses, Defendants do not in any way agree or concede that they have the burden of proof or persuasion on any of the claims or defenses or that they are liable for any claims against it.

### FIRST DEFENSE

Defendants deny any and all allegations in the Complaint that are not expressly admitted in this Answer.

### SECOND DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff lacks standing to bring her claim under Article III of the U.S. Constitution and applicable case law.

### FOURTH DEFENSE

Plaintiff lacks standing to assert her claim because she has not suffered any injury in fact that can fairly be traced to Defendants, both individually and on behalf of putative class members.

## FIFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff's alleged injuries or damages are non-existent, too speculative, impossible to ascertain or allocate, and/or too remote to permit an award of damages against Defendants.

## SIXTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Defendants' conduct was not the actual or proximate cause of any alleged damage suffered by Plaintiff.

## SEVENTH DEFENSE

The alleged damages suffered by Plaintiff, if any, were caused by the acts of others whose conduct Defendants are not legally responsible.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any disclosure allegedly made by Defendants was made with any required consent by Plaintiff, and thus her claims are waived and/or estopped.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any disclosure allegedly made by Defendants was made incident to the ordinary course of Defendants' business.

## TENTH DEFENSE

To the extent Plaintiff seeks injunctive relief, such relief is barred, including because Plaintiff has not suffered irreparable harm and/or there is no real, immediate, or ongoing threat of injury.

## ELEVENTH DEFENSE

Plaintiff's claims cannot be certified as a class under Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

Plaintiff's claims are barred because any information shared was not personally identifiable information, as defined by the VPPA.

## THIRTEENTH DEFENSE

Plaintiff's express or implied consent or acquiescence to the collection of their data bars them from bringing the claim alleged.

## FOURTEENTH DEFENSE

Maintenance of this civil action as a class action would violate Defendants' right to confront the witnesses against it as provided by the Sixth Amendment to the United States Constitution.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because requested or obtained video information by Website visitors was disclosed to any person.

## SIXTEENTH DEFENSE

Plaintiff's recovery, if any, should be reduced by the proportion of fault of parties other than Defendants under the doctrine of comparative fault.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants do not presently know all the facts concerning the conduct and claims of Plaintiff and the putative class action sufficient to state all additional defenses at this time, particularly with respect to absent putative class members. Defendants will save leave of the Court to amend this Answer should it later discover facts demonstrating the existence of additional defenses. Defendants hereby reserve any and all additional defenses available.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment with respect to Plaintiff's Complaint and Defendants' defenses as follows:

1.    A judgment in Defendants' favor denying class certification;

2.    A judgment in Defendants' favor denying Plaintiff all requested relief in the Complaint and dismissing the Complaint with prejudice;

3.    For an award of costs to Defendants; and

22

4.    Such other relief as the Court seems just, equitable, and proper.

Respectfully submitted the 18th day of March, 2025.

POLSINELLI PC

/s/ Starr T. Drum_____
Starr T. Drum
2100 Southbridge Parkway, Suite 650
Birmingham, Alabama 35209
Tel.: (205) 963-7136
sdrum@polsinelli.com

*Attorney for Defendants Strafford
Publications, LLC and Barbri, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, and otherwise complies with the requirements of Local Rule 5.1

*/s/ Starr T. Drum*_____
Starr T. Drum

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2025, a true and correct copy of the above and foregoing was filed electronically via the Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

*/s/ Starr T. Drum*_____
Starr T. Drum
